UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

FRANWAN MATHIS,

        Defendant.

Case No. 20-cr-206-pp

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY DISCLOSURE OF GRAND JURY TRANSCRIPTS (DKT. NO. 26)**

      The grand jury has charged the defendant with possessing a firearm after having been convicted of a felony; possessing with intent to distribute methamphetamine, heroin, cocaine base and fentanyl; and possessing a firearm in furtherance of a drug trafficking offense. Dkt. No. 1. The court has scheduled a final pretrial conference for September 9, 2021 and a jury trial for September 27, 2021. Dkt. No. 33.

      On July 6, 2021, the defendant filed a motion asking the court to order the government to disclose the transcript of the grand jury testimony earlier than required by this court's local rules. Dkt. No. 26. In his brief in support of this motion, the defendant argues that if the court orders the grand jury testimony disclosed earlier than the required one business day prior to trial, it will "likely avoid any problem where the Defendant might need to raise legal issues on the morning of trial, after the jury has reported to the Courthouse." Dkt. No. 27 at 2-3. The defendant argues that granting his motion would

1

promote efficiency and "demonstrate the Court's regard for the convenience of the jurors who are volunteering their time as part of their civic duty." Id. at 3.

The "Jencks Act," 18 U.S.C. §3500(b), requires that after a witness called by the government has testified on direct examination at trial, "the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." Such statements can include grand jury testimony, if the person who testified in the grand jury is called by the government to testify at trial. This court has a local rule that requires earlier production of such statements if the statements were made by the witness in the grand jury. Under Criminal Local Rule 16(4) of the Eastern District of Wisconsin, "[g]rand jury transcripts of any and all witnesses the government intends to call at trial will be made available to the defense no later than 1 business day before the commencement of trial." That means that if the government is calling as a witness at the defendant's trial anyone who testified before the grand jury, it must disclose the testimony of that witness to the defendant's lawyer by Friday, September 24, 2021. This rule allows defense counsel to see the testimony of grand jury witnesses before the trial starts, so that defense counsel has the testimony during the witness's trial testimony for the purpose of impeachment.

The defendant correctly points out that the language of the rule says "*no later than*" one business day before trial, which implies that the court can order the government to disclose transcripts sooner. The question is why the court

should require earlier disclosure, when its own rule already provides for disclosure earlier than required by the federal statute. The defendant argues that the court should order early disclosure to avoid having legal issues come up the morning of trial, thus wasting the time of the jurors who report to the courthouse. The defendant does not identify the type of "legal issue" he thinks could arise out of the grand jury testimony.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) says that a court may authorize disclosure of grant jury material at any time "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The defendant has not shown that a ground may exist to dismiss the indictment because of any matter that may have occurred before the grand jury that returned the indictment. While the court appreciates the defendant's concern with not wanting to waste the jury's time, the court's local rule makes it unlikely that that would occur. If the government decides to call as a witness at the defendant's trial the person who testified before the grand jury, the government will provide defense counsel with that witness's testimony the Friday before the trial begins. If something in that grand jury testimony gives counsel cause to believe that there is a basis for seeking dismissal of the indictment, he may notify the court immediately by filing a motion asking the court to adjourn the trial.

At a telephone scheduling hearing the court held after the defendant filed his motion, defense counsel argued that the court should require the

3

government to disclose the grand jury transcript two weeks before trial. Dkt. No. 33. Aside from the fact that the motion states no cause to believe that the transcript will demonstrate a ground for dismissal of the indictment, this request causes practical concerns. While the court's pretrial order requires the parties to identify their potential witnesses by September 2, 2021, dkt. no. 31 at 1, parties often do not know which of their potential witnesses they will call until much closer to the trial date. The government might list whoever testified in the grand jury as a potential witness but elect not to call that person at trial. If the court were to order the government to turn over the testimony two weeks prior to trial and then the government elected not to call the witness, the court would have ordered the disclosure of statutorily protected information without a valid basis.

Finally, from a practical standpoint, it is unlikely that the grand jury transcript will reveal any ground for dismissal of the indictment. The allegations against the defendant are straightforward—when the U.S. Marshals Service arrested the defendant on a supervised release revocation warrant issued by this court, deputies found him in possession of controlled substances and a loaded gun. <u>United States v. Mathis</u>, Case No. 90-cr-254, Dkt. No. 1041 at 2-3. It is likely that one of the deputy marshals who was involved in the arrest testified before the grand jury and explained what happened on October 27, 2020 (the day of the defendant's arrest). If that deputy marshal is called as a witness at trial and says something different than what he/she said in the grand jury, defense counsel will have ample

opportunity to cross-examine him/her about those discrepancies. In a simple case such as this one, it is difficult for the court to imagine what other issue the grand jury transcript might raise.

The court **DENIES** the defendant's motion for early disclosure of grand jury transcripts. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 13th day of August, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**