UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No. 20-cr-206-pp

FRANWAN MATHIS,

        Defendant.

**ORDER SETTING DEADLINE FOR DEFENDANT TO FILE *PRO SE* PRETRIAL MOTIONS**

      On September 27, 2021, the court held a status conference to discuss the state of the defendant's health and possible trial dates. The court scheduled the trial for **November 8, 2021**. One of the charges in the indictment alleges that the defendant possessed with intent to distribute certain controlled substances. Dkt. No. 1 at 2.

      During the discussions of possible trial dates, defense counsel explained that the defendant has issues that he would like to raise in pretrial motions—issues that he believes would be dispositive of the case—but that none of the four attorneys who'd represented him had been willing to file those motions for him. Defense counsel advised the court that, for reasons he could not go into in detail, he did not believe that he could file the motions on the defendant's behalf, but he emphasized that the defendant felt very strongly that the motions, if filed, would be successful.

      The court recalls that on April 9, 2021, it received a letter from the defendant, seeking to discharge Attorney Richard Hart. Dkt. No. 22. In that

letter, the defendant asserted that he had presented Attorney Hart with "sound research information to attain for pretrial motion for evidentiary hearing." Id. He asserted that Attorney Hart had told him that "(SI) International System of Units has no merit" in the defendant's case; the defendant characterized that as "misinformation" and asked the court to discharge Attorney Hart. Id. The defendant said that he gave Attorney Hart the following web addresses: www.nist.gov/pml/newsletter and wikipedia.org/wiki/2019_redefinition_ of_the_SI_base_units. Id.

At an April 20, 2021 hearing, the court granted the defendant's motion to discharge Attorney Hart. Dkt. No. 24. During that hearing, the court expressed its opinion that the 2019 redefinition of the International System of Units had not changed how drug weights were calculated for the purposes of federal criminal drug charges. Id. at 1. The defendant responded that he did not agree, but more to the point, that he had provided Attorney Hart with substantial information about the ISU argument but that Attorney Hart had refused to consider or review that information. Id. at 2.

Although the court does not know the specifics of what the defendant discussed with Attorney Hart (or Attorneys Murray, Richards or Plantinga) about the motions he wants to file, the court suspects that the defendant has a good-faith disagreement with his lawyers about whether the issues he wants to raise are supported by existing law. This presents a dilemma. On the one hand, the defendant believes that the issues he wants to raise *are* supported by existing law; if his lawyers do not share that belief, they are prohibited by Supreme Court Rule 20:3.1(a)(1) from raising the issues for the defendant, because that rule says that a lawyer "shall not knowingly advance a claim or defense that is unwarranted under existing law . . . ." On the other hand, the

2

defendant has not been able to file the motions himself, because a defendant "has no right to file a pro se brief *or* motion in any court while counsel represents him." United States v. Rollins, 309 F. App'x 37, 38 (7th Cir. 2009) (citing United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998); Hay v. Hawes, 921 F.2d 100, 101-02 (7th Cir. 1990)). See also, United States v. Cross, 962 F.3d 892, 899 (7th Cir. 2020) (citing United States v. Patterson, 576 F.3d 431, 436 (7th Cir. 2009) ("A defendant does not have a right to represent himself when he is also represented by counsel.")).

Given this dilemma, the court believes it is appropriate to give the defendant the opportunity to file the motions that he wants to file. The court will not require counsel to do so; it is not appropriate for the court to order a lawyer to take an action that the lawyer believes might put him in violation of SCR 20:3.1(a)(1). But the court *can* give the defendant permission to file *pro se* motions even though he is represented by counsel. To give the defendant the opportunity to raise the issues he wishes to raise, the court will allow the plaintiff to file *pro se* motions—that is, to file his motions himself, instead of through his lawyer—and will give the government the opportunity to respond.

The court advises the defendant that he may hand-write his motions; they do not need to be typed or written on a word processor. He must put the name of the case and the case number (Case No. 20-cr-206) in the top, right-hand corner of the motion. He must sign each motion that he files. The motion or motions should explain what relief he wants the court to grant him (dismissal of the indictment, suppression of evidence, etc.). The motion or motions should explain *why* the defendant believes that relief is appropriate and should include authorities, such as citations to case law, web addresses, articles or other documents upon which the defendant relies in making the

motions. The court understands that the defendant is not a lawyer; he simply needs to explain as best he can what relief he wants and why he believes the court should grant it.

The court **ORDERS** that if defendant Franwan Mathis wishes to file pretrial motions on his own behalf, he must file those motions in time for the court to *receive* them by the end of the day on **October 15, 2021**.

If the court receives motions from the defendant by the end of the day on October 15, 2021, the government must respond to those motions by the end of the day on **October 22, 2021**. Given the fact that the trial is scheduled for November 8, 2021, the court will try to rule on the motions as quickly as possible.

Dated in Milwaukee, Wisconsin this 28th day of September, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**