UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 20-cr-206-pp

FRANWAN MATHIS,

    Defendant.

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO DISMISS INDICTMENT (DKT. NO. 57)**

The defendant, though represented by counsel, has filed a motion asking the court to dismiss the indictment against him under Federal Rule of Criminal Procedure 6(d) based on his allegation that the witness who testified to the grand jury in support of his indictment was not authorized to be in the grand jury room. Dkt. No. 57. The court will deny this motion.

Rule 6(d) states that the following persons may be present in when the grand jury is in session: "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device." The defendant says he has learned that the witness who was being questioned when the grand jury decided to indict him was "expert witness Matthew Cooper." Dkt. No. 57 at 2. He argues that Cooper was not one of the arresting officers and thus provided "surrogate testimony." Id. at 3-4. He asserts that it was not necessary for Cooper to "present oral evidence of a testimonial nature." Id. at 6. He argues that Cooper was not an "authorized person" within the meaning of Rule 6(d).

Rule 6(d) specifically authorizes "the witness being questioned" to be present when the grand jury is in session. The defendant does not appear to argue that Cooper was not "the witness being questioned." He appears to argue that Cooper was not the *right* witness. He cites United States v. Echols, 413 F. Supp. 8 (E.D. La. 1975), in which a district court in Louisiana dismissed a criminal case because present in the grand jury room with the government attorneys were a union projectionist (to run a film projector showing films that were part of the evidence) and an F.B.I. agent who already had finished testifying. The court found that the F.B.I. agent "was not a witness at the time he was present in the grand jury screening room." Id. at 11-12. In contrast, the defendant has asserted that Cooper *was* a witness. Echols is not binding on this court and is not persuasive because unlike Cooper, the agent in Echols was not in the grand jury room testifying as a witness.[1]

The defendant cites Davis v. Washington, 547 U.S. 813 (2006) for the proposition that, if it had been a trial, another witness could not have testified to what the agents on the scene saw and heard. Dkt. No. 57 at 3. Davis involved the Confrontation Clause of the Sixth Amendment, however, which a defendant the right to confront witnesses against him *at trial*. The defendant does not have a Sixth Amendment right to confront the witnesses who testify before the grand jury; indeed, neither the defendant nor his lawyer are listed in the Rule 6(d) list of persons authorized to be present when the grand jury is in session.

---

[1]The defendant cites what is allegedly a sentence from Echols stating that the government "cannot extend the limit imposed by F. R. Crim. P. 6(d) simply by swearing in, as a witness, a person the government feels should be present." Dkt. No. 57 at 3. The defendant says that this sentence appears on page 14 of Echols. There *is* no page 14 in the Echols decision, and the court could find no such sentence in the short decision.

2

The defendant implies that only the witnesses who were present at the scene of his arrest could testify before the grand jury. The law says otherwise. "[A]n indictment may be founded on hearsay—even entirely on hearsay . . . ." United States v. Murphy, 768 F.2d 1518, 1533 (7th Cir. 1985). There is no requirement that the person who testifies to the grand jury must be one of the law enforcement officers involved in the investigation or arrest of the defendant.

The defendant discusses testimony on scientific techniques and how that might mislead jurors. Dkt. No. 57 at 5. But Detective Matthew Cooper is not a scientific expert. He is a detective with the Milwaukee Police Department. The government proposes to treat him as an expert witness at trial, but not in scientific techniques; the government has proposed him as an expert regarding the connections between firearms and drug trafficking, patterns of behavior exhibited by street-level drug traffickers and the quantities of controlled substances consistent with an intent to distribute. Dkt. No. 36 at 2-3. While the court has not seen the grand jury testimony, the court also suspects that the government did not present Detective Cooper to the grand jury as an "expert"—he likely was presented as a summary witness.

Likewise, the defendant talks about situations in which evidence must be presented to a grand jury through the use of complex machinery, and how Rule 6(d) must allow for persons with the skills to operate that machinery to give testimony about how they work. Dkt. No. 57 at 6. It is not clear what complicated machinery the defendant believes was presented to the grand jury in his case. The defendant was arrested on a supervised release revocation warrant while in the possession of a gun and drugs. There was no complicated machinery and no need for a grand jury to hear about any such machinery.

Detective Cooper is a narcotics investigator and testified to the jury about the arrest of someone who had drugs on his person.

Finally, the defendant says he does not think it was necessary for Detective Cooper to present "oral evidence of a testimonial nature" to the grand jury. It is not clear what other kind of evidence Cooper could have presented. He was the witness being questioned. He had to speak—to present oral testimony—for the grand jury to hear the evidence and to decide whether it was sufficient to establish probable cause that the defendant committed the crimes charged in the proposed indictment.

There is no basis for the court to dismiss the indictment against the defendant.

The court **DENIES** the defendant's motion to dismiss the indictment. Dkt. No. 57.

Dated in Milwaukee, Wisconsin this 8th day of November, 2021.

                **BY THE COURT:**

                _____
                HON. PAMELA PEPPER
                **Chief United States District Judge**

4

Case 2:20-cr-00206-PP   Filed 11/08/21   Page 4 of 4   Document 61